IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

REY CORDOVA,

    Plaintiff,

v.                                                Civil No. 03-1372 WJ/WDS

COUNTY OF BERNALILLO, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS COUNT III OF PLAINTIFF'S COMPLAINT**

THIS MATTER comes before the Court pursuant to Defendants' Motion to Dismiss Count III of Plaintiff's Complaint for Damages Alleging Violation of Constitutional and Civil Rights [Docket No. 12]. Having considered the submissions of the parties and the applicable law, I find the motion is well taken and will be granted.

**BACKGROUND**

Plaintiff filed his Complaint in this Court alleging in Count I that Defendants discriminated against him in his employment on the basis of race in violation of Title VII and alleging in Count II that Defendants retaliated against him in violation of Title VII. In Count III of the Complaint, Plaintiff seeks damages from the Defendants for Gross Negligence and Intentional Infliction of Emotion Distress. Plaintiff alleges that Defendant Bernalillo County is a governmental subdivision of the State of New Mexico. Complaint ¶ 5. Plaintiff alleges that Defendants Lucero, Vigil and Torres were, at the time of the incidents alleged, full-time employees of Bernalillo County and were acting under color of law and within the course of their duties. Complaint ¶¶ 7,

8, 9. Plaintiff alleges that Defendant Cummins was, at the time of the incidents alleged, a County Commissioner of Bernalillo, employed by the County and paid a salary, and acting under color of law within the scope of his authority and course of his duties as a County Commissioner. Complaint ¶ 10. Finally, Plaintiff alleges that Defendant County Commissioners were at all times material to the Complaint acting under color of law and within the scope of their authority and course of their duties. Complaint ¶ 11. The factual allegations of Plaintiff's Complaint allege that the Defendants committed various acts against the Plaintiff in order to harass him and retaliate against him. Complaint ¶¶ 12 through 55.

Defendants filed the instant motion asserting that they are entitled to dismissal of Plaintiff's claim for gross negligence and intentional infliction of emotional distress on the basis of sovereign immunity under the New Mexico Tort Claims Act, N.M. Stat. Ann. 1978 §§ 41-4-1 et seq. (1996) (NMTCA).

**LEGAL STANDARD**

"A complaint should not be dismissed for failure to state a claim unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Curtis Ambulance of Florida, Inc. v Board of County Comm'n of the County of Shawnee, Kansas, 811 F.2d 1371, 1375 (10th Cir. 1987). When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded allegations in the Complaint and construe them in the light most favorable to the plaintiff. Bullington v United Air Lines, Inc., 186 F.3d 1301, 1311 (10th Cir. 1999).

**DISCUSSION**

2

Under the NMTCA, a governmental entity and any public employee while acting within the scope of duty are granted immunity from liability for any tort except as waived by the NMTCA. N.M. Stat. Ann. 1978 § 41-4-4(A); Garcia-Montoya v. State of New Mexico, 16 P.3d 1084, 1102 (N.M. 2001). The waivers of immunity under the NMTCA are limited to (1) negligent operation of maintenance of any motor vehicle, aircraft or watercraft; (2) negligent operation or maintenance of any building, public park, machinery, equipment or furnishings; (3) negligent operation of airports; (4) negligent operation of public utilities and services; (5) negligent operation of medical facilities; (6) negligent provision of health care services; (7) negligence during the construction or maintenance of any bridge, culvert, highway, roadway, street, alley, sidewalk or parking area; and (8) certain actions by law enforcement officers. See N.M. Stat. Ann. 1978 §§ 41-4-5 through 41-4-12.

Plaintiff's Complaint does not allege any facts that would bring his claim for gross negligence and intentional infliction of emotion distress within one of the waivers of sovereign immunity enumerated in the NMTCA. Moreover, the New Mexico Supreme Court has specifically held that there is no waiver in the NMTCA for claims of intentional infliction of emotional distress. See Garcia-Montoya, 16 P.3d at 1102. Therefore, to the extent Plaintiff seeks to bring this claim against Bernalillo County or the individual Defendants for their acts within the scope of their duties as public employees, Plaintiff's claims are barred by sovereign immunity.

Plaintiff's Response suggests that there is a genuine issue of fact as to whether the individual Defendants were acting within the scope of their duties. Plaintiff also urges that the New Mexico Supreme Court suggested in Garcia-Montoya that a waiver of immunity under the

3

NMTCA might be had for claims of intentional infliction of emotional distress when a plaintiff alleges the violation of a constitutional right.

Plaintiff's argument that there is a genuine issue of material fact on the issue whether the individual Defendants were acting within the scope of their duties misapprehends the scope of the Court's inquiry on a motion to dismiss under Fed. R. 12(b)(6). The Court, in ruling on a motion to dismiss, does not look beyond the pleadings to determine whether there are disputed issues of material fact. Rather, the Court looks at the allegations of the pleadings to determine whether, if all that Plaintiff alleges is true, Plaintiff states a claim for relief.

Plaintiff's Complaint clearly alleges that, at all time relevant to the facts alleged in the Complaint, the Defendants acted within the scope of their duties. See Complaint ¶¶ 7, 8, 9, 10 and 11. Moreover, the specific factual allegations of the Complaint in paragraphs twelve (12) through fifty-five (55) all implicate actions of the defendants within the scope of their duties as public employees.[1] Even if Plaintiff proves as true all of the facts alleged in his Complaint, he will not be entitled to recover damages from Defendants for gross negligence or intentional infliction of emotional distress on the basis that Defendants acted outside the scope of their duties as public employees.

Plaintiff's argument that Garcia-Montoya stands for the proposition that a plaintiff alleging the violation of a constitutional right may recover for intentional infliction of emotional distress notwithstanding the lack of any waiver of sovereign immunity in the NMTCA for such a claim is a misreading of that case. In Garcia-Montoya, the plaintiff brought claims against the State

---

[1] Under New Mexico law, the scope of an employee's duties include any duty that a public employee is requested, required or authorized to perform. N.M. Stat. Ann. 1978 § 41-4-3(G); Garcia-Montoya v. State of New Mexico, 16 P.3d 1084, 1102 (N.M. 2001).

4

Treasurer's Office and several officials of that office in their individual capacities for violations of constitutional rights under 42 U.S.C. § 1983 and for intentional infliction of emotional distress under New Mexico state law.  16 P.3d 1084.  The lower court granted summary judgment in favor of the defendants on all claims.  Id. at 1088.  The New Mexico Supreme Court held that the NMTCA did not waive immunity for the plaintiff's claim for intentional infliction of emotional distress and upheld the lower court's grant of summary judgment with regard to that claim.  Id. at 1102.  Separate and apart from the decision on the claim for intentional infliction of emotional distress, the New Mexico Supreme Court remanded for reconsideration the grant of summary judgment on the plaintiff's claim under Section 1983 for violation of a constitutional right.  The decision with regard to the Section 1983 claim had no bearing on the decision with regard to the claim for intentional infliction of emotional distress.

   The allegations in Plaintiff's Complaint only implicate acts of the public entity Defendants as public entities and acts of individual Defendants taken within the scope of their duties as public employees.  Thus, they are immune from suit under state law except to the extent that immunity is waived under the NMTCA.  The NMTCA does not waive immunity for claims of intentional infliction of emotional distress.  Additionally, none of the waivers in the NMTCA applies to Plaintiff's claim for gross negligence.  Even accepting as true all of the allegations in Plaintiff's Complaint and construing them in the light most favorable to him, Plaintiff can prove no set of facts in support of his claim for gross negligence and intentional infliction of emotion distress which would entitle him to relief.  Accordingly, Defendants are entitled to dismissal of Count III of Plaintiff's Complaint.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss Count III of Plaintiff's Complaint for Damages Alleging Violation of Constitutional and Civil Rights [Docket No. 12] is hereby GRANTED and Count III of Plaintiff's Complaint is hereby DISMISSED.

_____
UNITED STATES DISTRICT JUDGE