# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

REY CORDOVA,

        Plaintiff,

v.                                                                               Civil No. 03-1372 WPJ/WDS

COUNTY OF BERNALILLO, et al.,

        Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SANCTIONS

        THIS MATTER comes before the Court upon Defendant's Motion to Dismiss, or Alternatively for Other Sanctions, filed July 23, 2004 **(Doc. 36)**.  After reviewing the pleadings pertaining to Defendant's Motion for Sanctions, the Court finds that oral argument on Defendant's motion would not be of assistance to the Court.

        In the instant motion, Defendant County of Bernalillo requests sanctions in the form of dismissal, or exclusion of certain evidence or damages, against Plaintiff based on Plaintiff's failure to comply with a discovery order entered by the Court.  In this civil rights case, Plaintiff asserts that his former employer discriminated against him on the basis of race, and retaliated against him, in violation of Title VII,  42 U.S.C.A.§ 2000e to 2000e-17.  (Counts I and II).  Plaintiff's state tort claim for damages from the Defendants for Gross Negligence and Intentional Infliction of Emotional Distress (Count III), was dismissed previously.  Doc. 23.  In his complaint, Plaintiff claims that he suffered psychological and physical injuries, as well as economic damages, as a result of the alleged discrimination and retaliation.

In an Order entered June 23, 2004, Magistrate Judge W. Daniel Schneider granted Defendant's First Motion to Compel Discovery, ordering Plaintiff to fully respond to discovery requests, including a list of Plaintiff's healthcare providers ("Court's Order").  Also, Defendant could not obtain Plaintiff's psychological records without a signed authorization form.  Plaintiff was also ordered to pay $200.00 in attorney's fees to cover defense counsel's costs in having to prepare the motion to compel.  See, Doc. 33.  Plaintiff provided Lovelace Sandia Health System with the authorization form on July 9, 2004, after Defendant had sent him two letters requesting that Plaintiff comply with the Court's Order -- one on June 23, 2004 (the day after the Court entered the Order), and the second on July 7, 2004.   Defendant did not have either Plaintiff's medical records, or full and complete answers to Defendant's discovery requests by the time Plaintiff's first deposition was held on July 15, 2004.[1]  Defendant contends that Plaintiff's failure to respond to written discovery requests as ordered has now left it without information necessary to evaluate Plaintiff's claims and prepare a full defense, including the need for experts and witness testimony.

Rule 37(b) of the Federal Rules of Civil Procedure authorizes a court to award sanctions for discovery abuses such as failure to obey an order "to provide or permit discovery."  Sanctions under Rule 37 are intended to serve three purposes: to ensure that a party will not benefit from its own failure to comply; to obtain compliance with the particular order issued; and to have a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault.  See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639 (1976) (per curiam).  The Court bases its

---

[1] The close of discovery was August 9, 2004.  See, Initial Pretrial Report, Doc. 28.

2

determination of the correct sanction on a fact-specific inquiry. Id. at 642, cited in Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992).

In addition to considering the culpability of the offending party, a court should consider the following factors when considering dismissal as a sanction: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. Ehrenhaus, 965 F.2d. at 921.

Plaintiff's position is that Defendant has not been prejudiced, and that Plaintiff has satisfied all aspects of the Court's Order. According to Plaintiff, he was scheduled for a second deposition in August, 2004; his health care provider, Lovelace, has provided all of Plaintiff's medical records to Defendant; Defendant was able to depose Plaintiff's psychologist after obtaining the medical records; and Plaintiff has delivered a check for $200.00 to defense counsel. However, I find Plaintiff's compliance with the Court's Order to be somewhat selective, since he never fully responded to the written interrogatories.

Plaintiff contends that Defendant's opportunity to depose him a second time should dispose of any need for further discovery, and that truthfully answering questions at his second deposition will eliminate the need to further respond to the written discovery requests.[2] This rationale is meritless. The promise to answer Defendant's questions at a deposition is no substitute for Plaintiff's duty either to fully respond to interrogatories (assuming no objections are

---

[2] Plaintiff responded to the instant motion prior to his second deposition, which was held August 23, 2004.

3

filed – which they were not, in this case), or to comply with a Court Order requiring full responses.  In this case, Defendant states that the information requested in the interrogatories was still not provided by the Plaintiff in his deposition. Plaintiff had over two months in which to comply with the Order before his second deposition was taken, but other than provide Defendant with a medical release, the name of Plaintiff's psychologist and a check for $200.00, Plaintiff took no other steps to comply with the Court's Order requiring full responses to Defendant's discovery requests.  See, Docs. 25, 30 & 33.  Apparently, mere monetary sanctions had little effect on Plaintiff's conduct.

I agree with Defendant that, considering the advanced stage of litigation, sanctions are warranted against Plaintiff.  I do not find dismissal to be an appropriate sanction because all of the Ehrenhaus factors do not apply.  It is true that Defendant's defense may be compromised, and that Plaintiff's dogged refusal to comply with a Court order interferes with the efficiency of the Court docket, particularly if discovery is extended in order to allow Defendant the time it needs to obtain information it should have already been provided.  However, Plaintiff has not been previously warned that dismissal was an option, nor has the efficacy of lesser sanctions been considered.  For now, the following warnings, and monetary sanction will suffice:

I.    *Information on alleged acts of discrimination and retaliation asserted by Plaintiff, and identification of each witness whom Plaintiff may call at trial to testify concerning alleged acts of discrimination and retaliation, and expected testimony of each witness (**Interrogatories 10, 11 & 12**).*

Allegations of discrimination and retaliation form the cornerstone of Plaintiff's lawsuit and Defendant should not have to painfully and expensively coax these from Plaintiff.  Therefore, based on Plaintiff's failure to provide complete information in response to interrogatories

4

concerning alleged acts of discrimination and retaliation (Nos. 11 & 12), Plaintiff's claims will be confined only to those allegations which are described in his Complaint and in his responses to interrogatories. This limitation applies to testimony given by Plaintiff himself as well as by other witnesses.

With regard to interrogatories concerning witnesses (No. 10), Plaintiff has until <u>Friday, December 3, 2004</u>, to fully respond. If Plaintiff fails to do so, Defendant is invited to motion the Court to preclude Plaintiff from introducing into evidence testimony from those witnesses for whom the interrogatory was insufficiently responsive. Should Defendant find it necessary to request that discovery be re-opened, the Court will hear the motion, including a request by Defendant that Plaintiff incur the costs for part or all such depositions.

II.    *Information on physical or emotional injuries which Plaintiff claims to have resulted from alleged actions of Defendants, list of healthcare providers seen for these injuries; other illnesses or disorders over the past ten years and list of healthcare providers who treated Plaintiff (**Interrogatories 13 & 14**)*:

Defendant's receipt of Plaintiff's medical records is not sufficiently responsive, nor does it adequately satisfy Plaintiff's obligations under the Court Order requiring him to "respond completely" to the interrogatory. Doc. 33 at 1. Plaintiff shall fully respond to these interrogatories, also by <u>December 3, 2004</u>. Failure to comply with this Order may result in the Court striking Plaintiff's claims for physical or psychological damages. Again, Defendant may seek appropriate relief from the court should further discovery be found necessary.

IV.    **Interrogatories 4, 16 and 19**:

Number 4 relates to Plaintiff's employment history; number 16 requests full identification of exhibits, including content and purpose of exhibit; and number 19 seeks information of

5

Plaintiff's past arrests and convictions. Plaintiff was ordered to fully respond to all of these requests. Therefore, the <u>December 3, 2004</u> deadline applies to Plaintiff's responses to these interrogatories as well.

V.  *Bankruptcy Documents (**Request for Production No. 3**)*: Since the Court granted Defendant's motion to compel in full, Defendant is entitled to a production of all records in Plaintiff's bankruptcy case, or alternatively, an execution of release in order for Defendant to obtain all records from the bankruptcy attorney. Plaintiff's failure to comply with this request may result in the Court's striking of certain damage claims.

VI. *Sanction*:

Plaintiff's conduct following the Court's Order falls abysmally short of complying with its directives. While sending $200.00 to defense counsel and signing the medical release partially complies with the Order, Plaintiff's failure to fully respond to the interrogatories may have compromised Defendant's ability to timely prepare a defense to Plaintiff's lawsuit. This Order attempts to rectify that prejudice to defense counsel as much as possible. It is also obvious to the Court that the instant motion would have been unnecessary had Plaintiff complied with the Court's Order initially as directed. Accordingly, I will grant Defendant's request for an award of expenses incurred in submitting the instant motion, in the amount of $200.00.

**In sum**, Plaintiff shall fully respond Interrogatories Nos. 4, 10-14 (Nos. 13 and 14 envisioning a complete list of prior and present health care providers), 16, and 19, and Requests for Production Nos. 1 and 3. In addition, Plaintiff is ordered to pay $200.00 in attorney's fees to counsel for Defendant for his costs in having to prepare this motion for sanctions. Plaintiff is hereby cautioned that further non-compliance will result in more drastic sanctions, possibly

affecting dismissal of claims or damages.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Dismiss, or Alternatively for Other Sanctions (**Doc. 36**) is hereby GRANTED IN PART AND DENIED IN PART, as described herein.

_____
UNITED STATES DISTRICT JUDGE